IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                  ORDER

            Plaintiff,

                                                   08-cv-213-bbc
                                                 05-cr-88-jcs-1

    v.

JAMES D. LOGAN,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant James D. Logan has filed a motion for postconviction relief pursuant to 28 U.S.C. § 2255, alleging that his sentencing was improper because two of the predicate convictions for his sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) did not result in the deprivation of his civil rights. The motion must be denied because defendant raised the same issue on appeal to the Court of Appeals for the Seventh Circuit and to the United States Supreme Court and received adverse answers from both.

      Section 2255 motions cannot be used to re-litigate matters that were raised on appeal; the law of the case doctrine prevents reargument. <u>Varela v. United States</u>, 481 F.3d 932, 935 (7th Cir. 2007). In an effort to avoid this result, defendant raises a second argument

1

that his sentencing as an armed career criminal was invalid because it was based entirely upon crimes that would have been misdemeanors but for defendant's repeater status. This argument fails because defendant could have raised the issue on direct appeal, but did not. Therefore, he has waived the argument. Reed v. Farley, 512 U.S. 339, 354 (1994) ("'Where the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged . . . violation.'") (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977)); see also Bousley v. United States, 523 U.S. 614 (1998). Defendant has not alleged that he could establish either cause for not raising the issue on appeal or that he could show actual prejudice, although he is required to make both showings. Even if defendant had alleged prejudice, he could not show it. The Court of Appeals for the Seventh Circuit has held repeatedly and consistently that an enhanced misdemeanor carrying a possible sentence of more than a year counts as a felony for federal sentencing purposes, e.g., United States v. Peters, 462 F.3d 716, 720 (7th Cir. 2006); United States v. Bissonnette, 281 F.3d 645, 646 (7th Cir. 2002), Defendant's prior convictions enhanced by his repeater status were properly counted as felony convictions.

ORDER

IT IS ORDERED that defendant James D. Logan's motion for postconviction relief

2

under 28 U.S.C. § 2255 is DENIED.

Entered this 22${}^{nd}$ day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge